*White* and *Gordon*, for plaintiff in Error.

*H. G. Perry*, for defendant in Error.

---

*December*, 1823.                    Dinsmore *against* Hand.

1st, A judgment by nil dicit is not a release of Errors.
2d, A bill single payable at a future day with interest from the date, if not punctually paid, the interest from date to maturity is a penalty, and not recoverable.

*OBADIAH HAND* brought an action of Debt against *Silas Dinsmore*, in the Circuit Court of *Washington*, on a bill single for $1063$\frac{15}{100}$, dated 25th *June*, 1817, payable 1st *March*, 1819, and if not then paid, to bear interest from the date.    *Dinsmore* filed a plea on which issue was joined, and

afterwards at the trial term, *October*, 1821, by his attorney withdrew his plea, and saying nothing further in bar, the Circuit Court rendered judgment against him for the Debt and $276$\frac{41}{100}$ Damages for its detention.

*Dinsmor* here assigned as Error,—that the judgment was for interest from the date.

The case was argued at *December* term, 1822, by *Gaines* and *Lyon* for plaintiff, and *Crawford* and *Hitchcock* for defendant in Error, and held under advisement until this time.

Judge *Crenshaw* delivered the opinion of the Court.

In this case a preliminary question is made as to the effect of the judgment by *nil dicit.* Such judgment does not operate as a release of Errors any more than if there had been a verdict on the plea and issue. There are many defects in substance, which are not cured even by a verdict. A verdict cures all defects of form and defective statements of such matters as must have been proved in order to obtain the verdict. Our Statute of amendments cures all the defects of form at whatever stage of proceedings they may have intervened. The matters here assigned as Error intervened since the plea was withdrawn, and we are not by the judgment by *nil dicit* precluded from enquiring into it.

Is interest from the date of the writing, if the debt be not punctually paid, to be considered as a penalty or as stipulated damages ? Stipulated damages are said to be, " where " there is a clear unequivocal agreement which stipulates " for the payment of a certain sum as a satisfaction fixed " and agreed upon by the parties for doing or not doing cer- " tain acts expressed in the agreement." On the doing or not doing the acts so expressed the stipulated damages are recoverable in a Court of Law, and a Court of Equity can afford no relief. But where payment of a less sum is secured by a greater, it is a penalty. Comyn on Contracts, 537 to 546, and Cases there cited. The contract in this case was not for the performance or non-performance of certain specified acts, but to pay money at a future day ; and if not punctually paid, to pay interest from the date. This was clearly securing the payment of a less sum by a greater, a penalty and not stipulated damages.

The second question which arises is, can a Court of Law relieve against the penalty ? By the common law the penalty could be recovered in a Court of Law. By our Statute of 1811 (Laws Alabama, 464, sec. 24,) it is enacted " That in " actions on penal bonds for the payment of money, judg- " ment shall be entered for no more than the principal " and interest due on the bond." A bond is an obligation

Dinsmore
v.
Hand.

under seal—a penal bond is such an obligation with a penalty. From the principles which I have stated, it follows that this instrument is a penal bond for the payment of money within the meaning of the Statute. By the Statute of 1811, (Laws of Ala. 70, sec. 3,) " In all actions founded on any " writing ascertaining the plaintiff's demand, if judgment by " *nil dicit* be entered therein, the Court shall enter judgment " for the Debt and Interest without the intervention of a " Jury." This section of the Statute renders it unnecessary to resort to a Court of Equity for relief against the penalty of any writing which expresses the sum actually due, and where there has been a judgment by *nil dicit*, as in the present case.

The judgment of the Circuit Court must therefore be reversed, and judgment rendered here for the principal sum due, and interest thereon from the time when it became due.

The Court are unanimous in this opinion.

Chief Justice *Clay* and Judge *Minor* not being present at the argument, gave no opinion.